April 6, 1979

## 79-21  MEMORANDUM OPINION FOR THE COUNSEL TO THE VICE PRESIDENT

### Advance Personnel—Federal Tort Claims Act (28 U.S.C. § 2671)—Form of Contract

On June 23, 1978, this Office gave its opinion that compensated or uncompensated part-time advance personnel for the President or the Vice President would be Federal employees under the Federal Tort Claims Act, 28 U.S.C. § 2671, and that the United States would therefore be exclusively liable under 28 U.S.C. § 2679(b) for damages arising out of automobile accidents occurring in the course of their official duties. The form contract of employment used by the Office of the President and the Office of the Vice President for these individuals designates them as independent contractors, and you have asked us to consider the effect of this language on our previous opinion.

It is our understanding that advance personnel are hired by and act under the close daily supervision of Presidential or Vice Presidential employees. They perform logistical tasks for official trips that include making hotel, travel and sound-system arrangements. While the more experienced personnel have greater independence of action than do the others, the day-to-day activities of all are controlled by Government employees through frequent communication. The selection of the cities and events the President or the Vice President visit and even the more minor decisions, in most cases, are the responsibility of the Presidential or Vice Presidential staff.

On the foregoing basis, it is our opinion that personnel performing advance work are employees within the meaning of 28 U.S.C. § 2671, despite the language of the employment contract. The Supreme Court has said that employees of a contractor who are not acting under the close, daily, physical supervision of the Federal Government are not Federal employees. *United States* v. *Orleans,* 425 U.S. 807 (1976); *Logue* v. *United States,* 412 U.S. 521 (1973). But individuals who contract with the Federal Government and who act under the close, daily, physical supervision of Federal employees should themselves be considered employees for purposes of the Act, regardless of

the form of the contract. *See, e.g., Witt* v. *United States,* 462 F. 2d 1261, 1263–64 (2d Cir. 1972); *United States* v. *Becker,* 378 F. 2d 319, 322–23 (9th Cir. 1967). The exclusion of contractors from the definition of Federal agencies in § 2671 should not defeat application of the common law of *respondeat superior* to individuals who contract for their services with a Federal agency. The critical element for liability is the Government's power "to control the detailed physical performance of the contractor." *See, Logue* v. *United States,* 412 U.S. at 527–28. We suggest, however, that the word "independent" preceding "contractor" be struck from the language of the form. As advance personnel do not act independently, this terminology can only confuse their status under § 2671.

It is appropriate to retain the word "contractor" rather than denominating the advance people "consultants" when contracting for their services. The authority of the President and the Vice President to procure the temporary or intermittent services of consultants is set forth in Pub. L. No. 95–570, 92 Stat. 2445 (1978). The Civil Service Commission in subchapter 1–2 of Federal Personnel Manual Chapter 304 states that a consultant who is excepted from the competitive service by statute is "a person who serves as an adviser to an officer or instrumentality of the Government, as distinguished from an officer or employee who carries out the agency's duties and responsibilities." Advance personnel do not serve as advisers; they simply carry out responsibilities assigned to Presidential or Vice Presidential employees.

Finally, we remind you of our recommendation that you inform those hired to perform advance work of their reporting responsibilities under the Federal Tort Claims Act. It would seem most appropriate to include this information in the contract.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

139